IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT P. CLEWS, <br> JOSEPH S. POTHERING and <br> DEBRA M. DETWEILER, <br>             Plaintiffs <br><br> vs. <br><br> COUNTY OF SCHUYLKILL, <br>             Defendant | : Case Number: 3:17-cv-02233 <br> : <br> : Jury Trial Demanded <br> : <br> : Electronically Filed <br> : <br> : <br> : <br> : |

## AMENDED COMPLAINT

Plaintiffs, Scott P. Clews, Joseph S. Pothering and Debra M. Detweiler, by their undersigned counsel, Edward M. Brennan, Esquire, bring the following Amended Complaint and in support thereof state as follows:

### THE PARTIES

1. Plaintiff, Scott P. Clews, is an adult individual residing at 125 South Mill Street, St. Clair, Schuylkill County, Pennsylvania, and consents to the above action pursuant to 29 U.S.C. § 216(b). Attached to the original Complaint filed in the Court of Common Pleas as Exhibit "A" were Consents signed by Plaintiffs, including Scott P. Clews, as required by 29 U.S.C. § 216(b), which are incorporated by reference as though fully set forth herein.

2. Plaintiff, Joseph S. Pothering, is an adult individual residing at 4 Shober Street, Llewellyn, Schuylkill County, Pennsylvania, and consents to the above action pursuant to 29 U.S.C. § 216(b). Attached to the original Complaint filed in the Court of Common Pleas as Exhibit "A" were Consents signed by Plaintiffs, including Joseph S. Pothering, as required by 29 U.S.C. § 216(b), which are incorporated by reference as though fully set forth herein.

3. Plaintiff, Debra M. Detweiler, is an adult individual residing at 28 Columbia Avenue, Cressona, Schuylkill County, Pennsylvania, and consents to the above action pursuant to 29 U.S.C. § 216(b). Attached to the original Complaint filed in the Court of Common Pleas as Exhibit "A" were Consents signed by Plaintiffs, including Debra M. Detweiler, as required by 29 U.S.C. § 216(b), which are incorporated by reference as though fully set forth herein.

4. Defendant, County of Schuylkill, is a municipal corporation organized and existing under the laws of the State of Pennsylvania.

5. At all relevant times, Plaintiffs are or were employees of an enterprise engaged in commerce or in the production of goods or services for commerce, as defined by 29 U.S.C. § 203(s). More particularly, Plaintiffs are or were Deputy Coroners employed by Defendant.

6. At all relevant times, Plaintiffs have been entitled to the rights, protections and benefits of the Fair Labor Standards Act (hereinafter "FLSA").

7. Defendant is employer as defined by 29 U.S.C. § 203(d) and is a public agency as defined by 29 U.S.C. § 203(x). On information and belief, at all relevant times Defendant has been aware of the provisions of the FLSA.

8. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1331 because the causes of action arise from the federal Fair Labor Standards Act.

10. The original Complaint was filed on November 6, 2017, in the Court of Common Pleas of Schuylkill County, Pennsylvania, docketed to S-2012-2016.

11. The Court of Common Pleas lawsuit docketed to S-2012-2016 was commenced by a Praecipe for Writ of Summons on November 17, 2016.

12. On or about December 5, 2017, Defendant removed this matter to this Honorable Court in accordance with the requirements of 28 U.S.C. § 1446.

13. Venue is proper in the Middle District of Pennsylvania since the causes of action alleged in this Complaint occurred in Schuylkill County, Pennsylvania, of said district.

## BACKGROUND AND GENERAL ALLEGATIONS

14. Plaintiffs were previously employed by Defendant County as deputy coroners. Each Plaintiff was selected by an elected County Coroner to serve as a deputy coroner. Prior to Dr. Moylan becoming County Coroner, the County discontinued the practice of treating deputy coroners as independent contractors and instead considered them part-time County employees.

15. In addition to working in the Coroner's Office, all Plaintiffs maintain fulltime employment with the County of Schuylkill in other positions.

16. Plaintiffs, in their capacity as deputy coroners, are routinely required to be dispatched to a scene of a death in order to investigate and oversee the custody of the decedent's body.

17. After deputy coroners are dispatched to the scene of a death, they are required to pronounce the decedent dead, take photographs and begin an investigation.

18. A deputy coroner's investigation can include interviews with family and reviewing medical history. In addition to the investigation, deputy coroners are often required to notify the next of kin or a funeral home, as necessary.

19. If a funeral home is immediately involved in a death case, deputy coroners have to oversee the release of the body to the funeral director. In addition, the deputy coroner is required to prepare a narrative report as well as completing a death certificate for delivery to the funeral home.

20. In cases where the body is not released directly to the funeral home, the deputy coroner is required to remove the body themselves and transport same to the morgue for processing, photographs and documenting items on the person.

21. If the deputy coroner is required to remove the body and present it to the morgue, they are often called upon to assist in a toxicology investigation. This includes taking blood to be processed as well as a virtual autopsy. If this type of work is required of the deputy coroners, a narrative report is required for toxicology purposes. A narrative report can also include a cause and manner of death and eventual release of the body from the morgue to a funeral home. Plaintiff Detweiler was required to process any decedent transported to the Schuylkill County morgue.

22. Often times, deputy coroners are called to a crime scene investigation, which includes, but is not limited to, fatal motor vehicle accidents, homicides and fatal fire scenes.

23. A deputy coroner's crime scene investigation is much more complicated and time consuming because it involves all of the steps noted above as well as assisting the State Police Crime Investigation Unit, also known as PSPRNI team, as well as assisting the State Fire Marshall, as appropriate. Extensive scene investigations include photos. This crime scene investigation also includes morgue processing, family interviewing and notification. Plaintiff Detweiler was assigned as law enforcement liaison by Dr. Moylan.

24. In addition to the toxicology and virtual autopsy investigation, deputy coroners are required in crime scene investigations to follow up on further substantive investigation in order to conclude a cause and manner of death for purposes of processing the crime scene.

25. During all relevant times hereto, Dr. David J. Moylan was serving as Schuylkill County's elected coroner.

26. Plaintiffs served in their capacity as deputy coroners as noted above as was their past practice, habit, custom and routine.

27. Plaintiff Clews asked the County about unpaid overtime as required by Federal and State law. Plaintiffs Pothering and Detweiler then joined in his request that overtime be paid in accordance with the law.

28. All three Plaintiffs were fired on June 1, 2016, because the County did not want to pay overtime as required by the statute.

29. Plaintiffs Pothering and Detweiler were then asked to return to work as a deputy coroner. Plaintiff Pothering was fired a second time and Plaintiff Detweiler continues to work sporadically. Plaintiff Clews was never asked to return as a deputy coroner.

30. Coroner Moylan advised Plaintiffs to submit paperwork to Defendant County showing fewer number of hours than actually worked in order to justify payment of the lower fees to Plaintiffs rather than the time and a half for overtime as required by law.

31. In addition to the job requirements described above, deputy coroners are required to attend monthly meetings at a facility owned and operated by Coroner Moylan to hear seminars or discussions on various topics concerning the Coroner's Office with no compensation. These meetings were outside the employees' regular work hours with the Coroner; were often mandatory; were directly related to the employees' job; and were not required by law for certification of Plaintiffs within a particular governmental jurisdiction nor was it required for certification of the Plaintiffs by law of a higher level of government. At these meetings, Plaintiffs, the Coroner and other Coroner employees did discuss before, during and after the actual seminar, issues concerning the Coroner's Office. These discussions and decisions represented productive work during such attendance at those meetings. In addition to these

meetings, deputy coroners are required to take continuing education programs for eight (8) hours to be certified under Pennsylvania law. Plaintiffs are not claiming these annual eight (8) hours as overtime. However, Plaintiffs are claiming the monthly seminar hours as compensable time under the FLSA.

32. In addition to the regular job deputies of a deputy coroner, Plaintiffs Pothering and Detweiler were required by Coroner Moylan to be on call in twelve (12) hour shifts for seven (7) days at a time in order to cover any "pages" received by Coroner Moylan or his Chief Deputy.

33. Whenever Plaintiff Detweiler was required to perform coroner work during the normal workday, between 8:30 a.m. and 4:30 p.m., Defendant County required her to use personal days or sick days for anytime she was performing coroner's work during the normal County workday.

34. Prior to the filing of this Amended Complaint, Defendant and Dr. Moylan considered starting an LLC or other similar entity which would have hired Plaintiffs to work as deputy coroners and bill the County separately in order to avoid paying the overtime as noted herein.

35. The employment and work records for Plaintiffs are in the possession, custody and control of Defendant, and Plaintiffs are unable to state precisely at this time the exact amounts owing to them. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which some of the amounts of Defendant's liability can be ascertained.

## FIRST CAUSE OF ACTION

### FLSA – Failure to Pay Overtime Wages

36. Paragraphs 1 through 35 of this Amended Complaint are incorporated herein by reference.

37. The overtime wage provisions set forth in the FLSA and supporting federal regulations apply to Defendant and Plaintiffs.

38. Defendant failed to pay Plaintiffs an overtime premium for hours worked in excess of 40 hours in a work week.

39. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiffs have suffered damages in amounts in excess of Seventy-Five Thousand ($75,000.00) Dollars and are entitled to recovery of such amounts. Plaintiffs are also entitled to liquidated damages, prejudgment interest, attorney's fees and costs and other compensation pursuant to 29 U.S.C. § 216(b).

40. Defendant's unlawful conduct, as described herein, was willful and intentional. Defendant was aware or should have been aware that the practices described in this Amended Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs. Given Defendant's willful and intentional violations, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

41. Defendant is liable to Plaintiffs in the amount of their unpaid compensation for work performed beginning three (3) years before the commencement of this action, and an additional equal amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

WHEREFORE, Plaintiffs request that judgment be entered against Defendant in an amount of money in excess of Seventy-Five Thousand ($75,000.00) Dollars together with lawful interest, costs, delay damages and counsel fees and demands a jury trial thereon.

## SECOND CAUSE OF ACTION

### Violation of FLSA: Retaliatory Discharge – 29 U.S.C. 215(a)(3)

42. Paragraphs 1 through 41 of this Amended Complaint are incorporated herein by reference.

43. Plaintiffs worked for Defendant for many years without receiving any disciplinary action. To the contrary, Plaintiffs' work was lauded and appreciated by Defendant County and several coroners over the many years they were working in that capacity.

44. The motivating factor which caused Plaintiffs to be discharged was retaliation for their request that they be paid overtime as required by law.

45. Plaintiffs would not have been fired but for the requests or complaints about unpaid overtime wages.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

    a. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    b. An award of damages for all overtime owed for the last three (3) years together with liquidated damages as required by statute;

    c. An award of damages arising out of Defendant's retaliatory actions;

    d. An award of prejudgment and post-judgment interest;

e. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

f. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: January 5, 2018

By: s/Edward M. Brennan
Edward M. Brennan, Esquire
306 Mahantongo Street
Pottsville, PA  17901
(570) 628-2461
(570) 628-4498 – fax
emb@attybrennan.com
Attorney I.D. No. PA38770
Attorney for Plaintiffs

## VERIFICATION

I, JOSEPH S. POTHERING, do hereby certify that the statements made in the foregoing Amended Complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date: 1/4/18

JOSEPH S. POTHERING

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT P. CLEWS,<br>JOSEPH S. POTHERING and<br>DEBRA M. DETWEILER,<br>            Plaintiffs<br><br>vs.<br><br>COUNTY OF SCHUYLKILL,<br>            Defendant | : Case Number: 3:17-cv-02233<br>:<br>: Jury Trial Demanded<br>:<br>: Electronically Filed<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

AND NOW, this 5th day of January, 2018, I, Edward M. Brennan, Esquire, do hereby certify that I served a true and correct copy of the foregoing Amended Complaint upon the persons and in the manner indicated below:

Service by electronic mail and first class mail, postage prepaid:

        Anthony D. Cox, Jr., Esquire
        acox@tthlaw.com
        Anthony T. Bowser, Esquire
        abowser@tthlaw.com
        Thomas, Thomas & Hafer, LLP
        305 North Front Street, 6th Floor
        P.O. Box 999
        Harrisburg, PA  17108

        By:  s/Edward M. Brennan
              Edward M. Brennan, Esquire
              306 Mahantongo Street
              Pottsville, PA  17901
              (570) 628-2461
              (570) 628-4498 – fax
              emb@attybrennan.com
              Attorney I.D. No. PA38770
              Attorney for Plaintiffs