IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT P. CLEWS, : Case Number: 3:17-cv-02233
JOSEPH S. POTHERING and :
DEBRA M. DETWEILER, : Jury Trial Demanded
        Plaintiffs :
 :
vs. :
 :
COUNTY OF SCHUYLKILL, :
        Defendant :

### PLAINTIFF'S. DEBRA M. DETWEILER, RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

     Plaintiff, Debra M. Detweiler, by and through her attorney, Edward M. Brennan, Esquire, provides the following objections to Defendant's First Set of Interrogatories:

### GENERAL OBJECTIONS TO FIRST SET OF INTERROGATORIES

     Plaintiff responds to each and every Interrogatory subject to all of the general objections set forth below. Plaintiff may on occasion refer specifically to one or more general objections in responding to an Interrogatory, but such reference does not constitute a waiver of other applicable general objections.

     1. Plaintiff objects to the Interrogatories to the extent they seek to impose requirements different from or greater than those set forth in the Federal Rules of Civil Procedure.

     2. Plaintiff objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege. The inadvertent release of privileged information shall not constitute a waiver of any privilege.

     3. Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, confusing, overly broad and/or not sufficiently particularized to permit Plaintiff to determine what information is sought, and to make a meaningful response.

     4. Plaintiff objects to the Interrogatories to the extent they seek information that is not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.



EXHIBIT 8

5. Plaintiff objects to the Interrogatories to the extent a response would cause Plaintiff unreasonable annoyance, embarrassment, oppression, burden or expense, and/or require Plaintiff to make an unreasonable investigation.

6. Plaintiff objects to the Interrogatories to the extent they request information already known by Defendant or information available to Defendant from sources other than Plaintiff that are equally accessible to Plaintiff and Defendant including, but not limited to, the files of the Defendant County and County row offices such as the County Treasurer and County Controller, related to Plaintiff's employment and payroll.

7. Plaintiff objects to the Interrogatories to the extent they seek information and documents outside of Plaintiff's knowledge, possession, custody and control.

8. Plaintiff objects to the Interrogatories to the extent they purport to require Plaintiff to identify information or documents that relate to legal conclusions, contentions, strategy and positions as premature, improper, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff reserves the right to supplement her objections and answers to the Interrogatories at any time prior to trial.

## RESPONSES TO INTERROGATORIES

Subject to and without waiving the General Objections, Plaintiff responds as follows:

## INTERROGATORIES

1. The factual allegations contained in paragraphs 14-34 of Plaintiffs' Amended Complaint are incorporated by reference as though fully set forth herein.

2. See attached calculations which were previously supplied by Plaintiff to Defendant County.

3. In addition to the job requirements described in Plaintiffs' Complaint, Plaintiff and other deputy coroners were required to attend monthly meetings at a facility owned and operated by Coroner Moylan to participate in seminars or discussions on various topics concerning the Coroner's Office with no compensation. These meetings were outside the employees' regular work hours with the Coroner; were often mandatory; were directly related to the employees' job; and were not required by law for certification of Plaintiff within a particular governmental jurisdiction nor was it required for certification of the Plaintiff by law of a higher level of government. At these meetings, Plaintiff, the Coroner and other Coroner

2

employees did discuss before, during and after the actual seminar, issues concerning the Coroner's Office. These discussions and decisions represented productive work during such attendance at those meetings. In addition to these meetings, deputy coroners are required to take continuing education programs for eight (8) hours to be certified under Pennsylvania law. Plaintiff is not claiming these annual eight (8) hours as overtime. However, Plaintiff is claiming the monthly seminar hours as compensable time under the FLSA.

4. In addition to the regular job deputies of a deputy coroner, Plaintiffs Pothering and Detweiler were required by Coroner Moylan to be on call in twelve (12) hour shifts for seven (7) days at a time in order to cover any "pages" received by Coroner Moylan or his Chief Deputy. If the pager went off for either Doctor Moylan or his chief deputy, Plaintiff would have to call the County Communications Center immediately and respond as soon as humanly possible. This substantially interfered with her personal life to the point that she could really do nothing other than stay close to home while covering the pager.

5. The regular rate of pay was determined based on the employment records provided by Defendant County and the County Controller. These documents were produced informally while this case was pending in the Court of Common Pleas. The records are voluminous and are within the custody and control of Defendant County.

6. The factual allegations contained in Plaintiffs' Complaint in paragraphs 14-32 are incorporated by reference as though fully set forth herein. By way of further answer, when the deputy coroners were considered independent contractors, they received $50.00 per call as a deputy coroner. However, when the deputy coroners were treated as part-time County employees, the applicable wage laws required overtime. Dr. Moylan asked Plaintiff and others not to record the actual hours worked in order to justify the minimal payments made for the "calls". In fact, when you consider the expenses that Plaintiff had to pick up, the $50.00 per call barely covered the expenses (mileage, photographs, etc.). Given the extensive steps necessary to function as a deputy coroner, Plaintiff estimates the overtime hours worked to be 30 hours a week on average. Plaintiffs are not required to provide exact dates and times when they worked overtime in order to pursue their claim. Davis v. Abington Memorial Hospital, 765 F.3d 236 (3d Cir. 2014). Plaintiff believes that the employer is under a legal obligation to keep accurate time records.

**Unnumbered Interrogatory.** Plaintiff's estimates are based on her years of experience and knowledge of the job of deputy coroner. Her estimates include phone calls, interviews with family, computer entry and preparation of information for the death certificate. By way of further answer, Plaintiff's answer to Interrogatory No. 6 is included by reference as though fully set forth herein.

7. Plaintiff's request for travel time would include traveling from home or the courthouse to the crime scene or the scene of the death, traveling back to the office to prepare reports or traveling to the morgue, as necessary. The dates and times are contained in the numerous documents previously produced by the County. The employment and work records

3

for Plaintiff are in the possession, custody and control of Defendant, and Plaintiff is unable to state precisely at this time the exact amounts owing to her. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amounts of Defendant's liability can be ascertained.

8. Plaintiff Clews asked the County about unpaid overtime as required by Federal and State law. Plaintiffs Pothering and Detweiler then joined in his request that overtime be paid in accordance with the law. All three Plaintiffs were fired as deputy coroners on June 1, 2016, because the County did not want to pay overtime as required by the statute. Plaintiffs Pothering and Detweiler were then asked to return to work as a deputy coroner. Plaintiff Pothering was fired a second time and Plaintiff Detweiler continues to work sporadically. However, Plaintiff Detweiler was asked to resign by Coroner Moylan and she refused. Plaintiff Pothering was rehired yet again after he retired from the Schuylkill County Communications Center as a fulltime employee now that the County does not have to pay overtime. Plaintiff Clews was never asked to return as a deputy coroner. Coroner Moylan advised Plaintiffs to submit paperwork to Defendant showing fewer number of hours than actually worked in order to justify payment of the lower fees to Plaintiffs rather than the time and a half for overtime as required by law. Defendant County and Dr. Moylan considered starting an LLC or other similar entity which would have hired Plaintiffs to work as deputy coroners and bill the County separately in order to avoid paying the overtime as noted herein.

9. All three Plaintiffs were fired as deputy coroners on June 1, 2016, because the County did not want to pay overtime as required by law. Plaintiffs Pothering and Detweiler were then asked to return to work as a deputy coroner. Plaintiff Pothering was fired a second time and Plaintiff Detweiler continues to work sporadically. However, Plaintiff Detweiler was asked to resign by Coroner Moylan and she refused. Plaintiff Clews was never asked to return as a deputy coroner. Coroner Moylan advised Plaintiffs to submit paperwork to Defendant County showing fewer number of hours than actually worked in order to justify payment of the lower fees to Plaintiffs rather than the time and a half for overtime as required by law.

10. Plaintiff Clews asked the County about unpaid overtime as required by Federal and State law. Plaintiffs Pothering and Detweiler then joined in his request that overtime be paid in accordance with the law.

11. Plaintiff Clews asked the County about unpaid overtime as required by Federal and State law. Plaintiffs Pothering and Detweiler then joined in his request that overtime be paid in accordance with the law. All three Plaintiffs were fired as deputy coroners on June 1, 2016, because the County did not want to pay overtime as required by the statute. Plaintiffs Pothering and Detweiler were then asked to return to work as a deputy coroner. Plaintiff Pothering was fired a second time and Plaintiff Detweiler continues to work sporadically. Plaintiff Clews was never asked to return as a deputy coroner. Plaintiff was specifically told by County representatives that because of the overtime issues they had to "let her go".

12. See Plaintiffs' Initial Disclosure Pursuant to F.R.C.P. No. 26(a)(1) and the witnesses noted therein. Said Initial Disclosure is incorporated by reference as though fully set forth herein.

13. See the witnesses identified in Plaintiffs' Initial Disclosure Pursuant to F.R.C.P. No. 26(a)(1). Said Initial Disclosure is incorporated by reference as though fully set forth herein.

14. Defendant County has previously produced worksheets and documents prepared by the County Controller's Office, which Plaintiff believes to be relevant to claims in her case.

Subject to the General Objections noted above, Plaintiff objects to this Interrogatory to the extent that it requests information already known by County or information available to County from sources other than Plaintiff that are equally accessible to County including, but not limited to, the worksheets from the County Controller's Office.

15. Subject to the General Objections noted above, any statements given by Plaintiff to Plaintiff's counsel are protected by attorney-client privilege. By way of further, no other statements or affidavits relevant to this litigation have been obtained by Plaintiff or Plaintiff's counsel.

16. Plaintiff has not yet decided who she intends to call as an expert at the trial of this case. By way of further answer, Plaintiff reserves the right to supplement this answer at a later date.

Date: 8/15/2018        By: <u>s/Edward M. Brennan</u>
                                                 Edward M. Brennan, Esquire
                                                 306 Mahantongo Street
                                                 Pottsville, PA 17901
                                                 (570) 628-2461
                                                 (570) 628-4498 – fax
                                                 emb@attybrennan.com
                                                 Attorney I.D. No. PA38770
                                                 Attorney for Plaintiffs

## VERIFICATION

I, DEBRA M. DETWEILER, do hereby certify that the statements made in the foregoing document are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date: 8/15/18

*Debra M. Detweiler*
DEBRA M. DETWEILER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT P. CLEWS, | : Case Number: 3:17-cv-02233 |
| JOSEPH S. POTHERING and | : |
| DEBRA M. DETWEILER, | : Jury Trial Demanded |
|     Plaintiffs | : |
| | : |
| vs. | : |
| | : |
| COUNTY OF SCHUYLKILL, | : |
|     Defendant | : |

## CERTIFICATE OF SERVICE

AND NOW, this 15th day of August, 2018, I, Edward M. Brennan, Esquire, do hereby certify that I served a true and correct copy of the foregoing Plaintiff's, Debra M. Detweiler, Response to Defendant's First Set of Interrogatories, by electronic mail to the following:

Anthony T. Bowser, Esquire
abowser@tthlaw.com
Thomas, Thomas & Hafer, LLP
305 North Front Street, 6th Floor
P.O. Box 999
Harrisburg, PA  17108


By: s/Edward M. Brennan
    Edward M. Brennan, Esquire
    306 Mahantongo Street
    Pottsville, PA  17901
    (570) 628-2461
    (570) 628-4498 – fax
    emb@attybrennan.com
    Attorney I.D. No. PA38770
    Attorney for Plaintiffs