## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT P. CLEWS, | : Case Number: 3:17-cv-02233 |
| JOSEPH S. POTHERING and | : |
| DEBRA M. DETWEILER, | : (Honorable Jennifer P. Wilson) |
| Plaintiffs | : |
| | : Jury Trial Demanded |
| vs. | : |
| | : Electronically Filed |
| COUNTY OF SCHUYLKILL, | : |
| Defendant | : |

## PLAINTIFFS' COUNTERSTATEMENT OF MATERIAL FACTS PURSUANT TO L.R. 56.1 IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Scott P. Clews, Joseph S. Pothering and Debra M. Detweiler, respond to Defendant's Statement of Material Facts in Support of Second Motion for Summary Judgment as follows:

### I.    Parties

1-7.    Admitted.

8.    Admitted with qualification. As of the date of the Second Motion for Summary Judgment, Detweiler was no longer employed as a deputy coroner. Therefore, it would be more accurate to say that Detweiler was employed as a deputy coroner and had been for approximately 5 years, between 2014 and 2019.

9.      Admitted with qualification.  Detweiler was also simultaneously employed by the County in the Tax Assessor's Office as a certified field appraiser. She had worked as a certified field appraiser since 2000.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Denied as stated.  It is specifically denied that Dr. Moylan has plenary power to hire and fire deputy coroners based on the discovery conducted to date. By way of further answer, Defendant County exercised control of the budget and, therefore, scheduling of the Coroner's Office, maintained employment records and determined the rate and method of payment and the number of employees.  By way of further answer, the Schuylkill County Salary Board actually had to approve the positions and salaries for the Coroner's Office.  Further, the Coroner asked the County Commissioners to confirm his hiring and firing decisions.  (10/11/2018 Moylan N.T. Pages 42, 44, 62, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "6")

## II.     Events Leading to the Administrative Separation of Plaintiffs (No Retaliation)

14.     Denied as stated.  By way of further answer, the Director of Human Resources repeatedly advised Dr. Moylan and the County government about the overtime rules and regulations.  (Chwastiak N.T. Pages 13-16, 21-22, Plaintiffs'

Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "1")

15.     Denied as stated.  The records for the County Commissioners' meeting clearly state that Plaintiffs Clews and Pothering were terminated due to the federal overtime laws.

16.     Admitted in part and denied in part.  It is admitted that Dr. Moylan testified that Plaintiffs provided excellent service.  However, it is denied that they were terminated due to the 40 hour rule set by the Commissioners.  Rather, the minutes themselves say that they were terminated due to the federal overtime laws.

17.     Denied.  Plaintiff Detweiler testified in her deposition that she was asked to stand down from her position as deputy coroner.  (10/11/2018 Moylan N.T. Page 65; Detweiler N.T. Pages 32-34, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibits "6" and "7")

18.     Denied.  Plaintiff Pothering testified that he was asked to return after he was first terminated in June of 2016.  (Pothering N.T. Pages 38-40, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "9")

19-21.  Admitted.

22.     Admitted.  By way of further answer, Dr. Moylan knew or should have known that Plaintiff Clews was entitled to overtime and was about to testify

in any such proceeding given his advice that Plaintiff Clews should get a lawyer concerning the overtime.

## III.   Plaintiffs' Request for Information Regarding Unpaid Overtime

23.   Admitted.  By way of further answer, Dr. Moylan knew or should have known that Plaintiff Clews was entitled to overtime and was about to testify in any such proceeding given his advice that Plaintiff Clews should get a lawyer concerning the overtime.

24.   Admitted.  By way of further answer, Dr. Moylan knew or should have known that Plaintiff Clews was entitled to overtime and was about to testify in any such proceeding given his advice that Plaintiff Clews should get a lawyer concerning the overtime.

25.   Admitted.  By way of further answer, this payment was made after the litigation began.

26.   Admitted.  By way of further answer, Plaintiff Pothering testified that sometime in 2015 he realized there was unpaid overtime that he was due and this was brought to the attention of the Commissioners and Dr. Moylan that, "[T]hese guys need to be paid overtime."  (Pothering N.T. Pages 60-61, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "9")

27.   Admitted.  By way of further answer, this payment was made after the litigation began.

4

28.    Admitted in part and denied in part.  It is admitted that Plaintiff
Detweiler initially thought she was made aware of the overtime issue in 2016.
However, she later stated, "To be honest with you, I don't know the timeframe."
(Detweiler N.T. Page 32, Plaintiffs' Brief in Opposition to Defendant's Second
Motion for Summary Judgment, Exhibit "7")  She further stated that sometime in
2016 or 2017 she was asked to step down.  (Detweiler N.T. Pages 32-33, Plaintiffs'
Brief in Opposition to Defendant's Second Motion for Summary Judgment,
Exhibit "7")  Plaintiff Detweiler also stated that she became aware of the overtime
issue about a year before the paperwork was filed.  (Detweiler N.T. Pages 13-14,
Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary
Judgment, Exhibit "7")  The Praecipe for Writ of Summons in this case was filed
on November 17, 2016.  Therefore, a year prior to that would be sometime in late
2015.

29.    Admitted.  By way of further answer, this payment was made after the
litigation began.

**IV.    Plaintiffs Are Not "Employees" Under the Fair Labor Standards Act**

30.    Admitted.  By way of further answer, the Board of County
Commissioners approved the hiring of these individuals according to their past
practice.

31-37.  Admitted.

38-42. Admitted.  By way of further answer, Plaintiffs were functional

employees of the Coroner's Office discharging the official duties of the office.

43.    Admitted in part and denied in part.  It is admitted that Plaintiff

Detweiler testified that she worked very closely with Dr. Moylan.   It is denied that

Plaintiff Detweiler currently continues to work as a supervisor.  By way of further

answer, she testified that she was asked to stand down and had not gotten the same

hours as she did prior to this litigation.  (10/11/2018 Moylan N.T. Pages 64-65;

Detweiler N.T. Pages 32-34, Plaintiffs' Brief in Opposition to Defendant's Second

Motion for Summary Judgment, Exhibits "6" and "7")

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    It is denied that the reference in the record supports Defendant's

contention in Paragraph 47 which suggests that Dr. Moylan frequently works

closely with Deputy Coroners and does field investigations.  On the contrary, this

reference to the deposition concerned the Chief Deputy Coroner, Dr. Weber,

working with Deputy Coroners.  Dr. Moylan admitted that Dr. Weber frequently

does field investigations (12/20/22 Moylan N.T. Page 14, Plaintiffs' Brief in

Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "10")

and that in Dr. Moylan's absence it is Dr. Weber who assumes the duties as

6

Coroner.  (12/20/22 Moylan N.T. Page 14, Plaintiffs' Brief in Opposition to

Defendant's Second Motion for Summary Judgment, Exhibit "10")  He further

admitted that the investigators or deputies do most of the work in the field and that

they investigate deaths on behalf of the Coroner's office.  (12/20/22 Moylan N.T.

Page 14, Plaintiffs' Brief in Opposition to Defendant's Second Motion for

Summary Judgment, Exhibit "10")

48.    Admitted with qualification.  Plaintiffs admit that they did not have

the right to hire or fire anyone, buy equipment, enter into contracts or make policy.

Policy making was up to Dr. Moylan and Dr. Weber.  (12/20/22 Moylan N.T. Page

15, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary

Judgment, Exhibit "10")

49.    Admitted with qualification.  Plaintiffs admit that they work in the

field and are in telephonic communication with Dr. Weber or Dr. Moylan.  Dr.

Moylan testified that Plaintiffs worked with Dr. Weber several times.  (12/20/22

Moylan N.T. Page 32, Plaintiffs' Brief in Opposition to Defendant's Second

Motion for Summary Judgment, Exhibit "10")

50.    Admitted with qualification.  Defendants cite only part of the

testimony in pages 36 and 37 of Dr. Moylan's December 20, 2022, deposition.

When asked to explain the closeness of his working relationship with Plaintiffs in

terms of oversight day-to-day operations, Dr. Moylan simply explained that

Plaintiffs Detweiler and Pothering were very active in the day-to-day workings of the County Coroner's Office.  He further explained that he referred to them as being gung ho and having a lot of enthusiasm for their work.  (12/20/22 Moylan N.T. Pages 36-37, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "10")  When asked to explain what it meant to him to work closely with these individuals he stated that there would be in-depth discussions of the presentations and findings of the scene.  He further explained that the discussions involved autopsies.  He further explained that Plaintiff Detweiler would assist a third party performing an autopsy.  Dr. Moylan described forensic autopsies as being performed by a third party on a contract basis. (12/20/22 Moylan N.T. Pages 37-38, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "10")

51.    Admitted.

52.    It is specifically denied that the Commissioners would not hire or fire as noted in Commissioner Hess's deposition.  By way of further answer, the Schuylkill County Salary Board actually had to approve the positions and salaries for the Coroner's Office.  Further, the Coroner asked the County Commissioners to confirm his hiring and firing decisions.  (10/11/2018 Moylan N.T. Pages 42, 44, 62, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary Judgment, Exhibit "6")  (See also 12/20/22 Moylan N.T. Pages 19-20, Plaintiffs'

8

Brief in Opposition to Defendant's Second Motion for Summary Judgment,

Exhibit "10") He further stated that he would use the Personnel Action Request or

PAR as a necessary process for hiring and firing or deleting employees. (12/20/22

Moylan N.T. Page 20, Plaintiffs' Brief in Opposition to Defendant's Second

Motion for Summary Judgment, Exhibit "10") He then testified that he would

forward the PAR requests to the Commissioners and that he would expect the

Commissioners to act on it. (12/20/2022 Moylan N.T. Pages 20-21, Plaintiffs'

Brief in Opposition to Defendant's Second Motion for Summary Judgment,

Exhibit "10") Dr. Moylan was asked if he would recommend hiring or firing to the

Commissioners and they would actually vote on it (12/20/2022 Moylan N.T. Page

19, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary

Judgment, Exhibit "10"), he simply answered yes. (12/20/2022 Moylan N.T. Page

19, Plaintiffs' Brief in Opposition to Defendant's Second Motion for Summary

Judgment, Exhibit "10")

**V.     Plaintiffs Failed to Present Evidence of Underpayment and/or Failure to Pay Overtime Without Resorting to Conjecture.**

53-58.  Admitted.

59.     Denied as stated.  By way of further answer, the County has admitted

that the payroll records have been altered, are inaccurate and inadequate.  The

County failed to maintain the records as required by the FLSA.

60.     Admitted.

9

61.   Denied as stated.  By way of further answer, the County has admitted that the payroll records have been altered, are inaccurate and inadequate.  The County failed to maintain the records as required by the FLSA.

62-64.  Admitted.

65.   Denied as stated.  By way of further answer, the County has admitted that the payroll records have been altered, are inaccurate and inadequate.  The County failed to maintain the records as required by the FLSA.

Respectfully submitted,

BRENNAN LAW FIRM LLC

Date: 7/11/2023

By:  /s/Edward M. Brennan
      Edward M. Brennan, Esquire
      306 Mahantongo Street
      Pottsville, PA  17901
      (570) 628-2461
      (570) 628-4498 –  fax
      emb@attybrennan.com
      Attorney I.D. No. PA38770
      Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT P. CLEWS,                          : Case Number:  3:17-cv-02233
JOSEPH S. POTHERING and                  :
DEBRA M. DETWEILER,                      : (Honorable Jennifer P. Wilson)
          Plaintiffs            :
                           : Jury Trial Demanded
      vs.                         :
                           : Electronically Filed
COUNTY OF SCHUYLKILL,                    :
          Defendant             :

## CERTIFICATE OF SERVICE

I certify that on this 11th day of July, 2023, a true and correct copy of

Plaintiffs' Counterstatement of Material Facts Pursuant to L.R. 56.1 in Opposition to

Defendant's Second Motion for Summary Judgment were served via ECF upon the

following:

Christopher L. Scott, Esquire
Thomas, Thomas & Hafer, LLP
225 Grandview Ave., 5th Floor N
Camp Hill, PA  17011
cscott@tthlaw.com
*Counsel for Defendant*

BRENNAN LAW FIRM, LLC

By:  /s/Edward M. Brennan
       Edward M. Brennan, Esquire
       306 Mahantongo Street
       Pottsville, PA  17901
       (570) 628-2461
       (570) 628-4498 – fax
       emb@attybrennan.com
       Attorney I.D. No. PA38770
       Attorney for Plaintiffs