IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT CLEWS, *et al.*, | : | Civil No. 3:17-CV-02233 |
| Plaintiffs, | : | |
| v. | : | |
| COUNTY OF SCHUYLKILL, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a joint motion for approval of a settlement agreement. (Doc. 93.)  For the reasons that follow, the motion will be granted.

### BACKGROUND

Plaintiffs Scott Clews, Joseph S. Pothering, and Debra Detweiler (collectively, "Plaintiffs") commenced this civil action in the Court of Common Pleas of Schuylkill County on November 6, 2017, against Defendant County of Schuylkill ("the County").  (Doc. 2.)  The County removed the action to this court on December 5, 2017.  (Doc. 1.)  The amended complaint, filed January 5, 2018, alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") for unpaid overtime wages and retaliatory discharge.  (Doc. 7.)  Among other allegations, the complaint asserts that the County violated the FLSA by failing to pay an overtime premium for the hours worked in excess of forty hours per week.  (*Id.*)

The County moved for summary judgment, which the court granted, on May 20, 2020. (Docs. 35, 36.) Plaintiffs appealed this entry of judgment and prevailed in the Court of Appeals for the Third Circuit. (Docs. 37, 40.) Following remand, the court reset case management deadlines and the County again moved for summary judgment. (*See* Docs. 50, 59, 69, 73.) On February 23, 2024, the court denied the County's second motion for summary judgment. (Docs. 81, 82.) The parties subsequently requested a referral to a magistrate judge for a settlement conference.

On October 23, 2024, the parties filed a joint motion for approval of the FLSA settlement, as well as the settlement agreement. (Doc. 93.) Under the settlement agreement, the parties have agreed to settle this action for $170,000.00, which consists of $57,5000.00 payable to Clews, $57,500.00 payable to Detweiler, $10,000.00 payable to Pothering, and $45,000 payable to Plaintiffs' counsel. (Doc. 93-1, pp. 3–4.)[1] In exchange for these payments, Plaintiffs have agreed to release the County from liability for any and all claims. (*Id.* at 5–7.)

## STANDARD OF REVIEW

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981). To safeguard employee rights, "a majority of courts

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Id.*; *see also McGee v. Ann's Choice*, No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017).

Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc.*, a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.* If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly

3

frustrates" the implementation of the FLSA.  *Bettger*, 2015 WL 279754, at *4 (citing *Altenbach v. Lube Ctr.*, No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

## DISCUSSION

The court first addresses whether the settlement agreement resolves a bona fide dispute between the parties.  If the agreement reflects a reasonable compromise of the issues in this suit, the court can approve the settlement "to promote the policy of encouraging settlement of litigation."  *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.  Here, the terms of the agreement itself, Doc. 93-1, Plaintiffs' amended complaint, Doc. 2, and the seven years of litigation in this court and the Third Circuit demonstrate that a bona fide dispute exists regarding whether Plaintiffs should have received overtime under the FLSA.  As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties.  *See Joseph v. Caesar's Entm't Corp.*, No. 10-cv-6293, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012).

Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Plaintiffs.  Plaintiffs have been represented by counsel who is well-versed in wage and hour litigation throughout this case.  Settlement was reached following vigorous advocacy by counsel on

4

behalf of their clients.  (Doc. 93, pp. 3–10.)  Furthermore, a review of the agreement indicates that Plaintiffs are being compensated for an amount that they reasonably claim is owed in connection with their employment.  (*See id.*)

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA.  The settlement agreement does not contain a confidentiality clause and was publicly docketed in this case.  (*See* Doc. 93-1.)  "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential."  *Diclemente v. Adams Outdoor Advert., Inc.*, No. 15-CV-0596, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016.)

## CONCLUSION

For the foregoing reasons, the joint motion for approval of settlement agreement will be granted.  (Doc. 93.)  An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: October 25, 2024